IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:22-cv-00184-RJC-DSC

| | |
|---|---|
| RICHARD HIXSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| HON. DAVID A. OBLON, JUDGE, ) | |
| individually and in his official capacity as ) | |
| Justice of the Circuit Court of Fairfax County, ) | |
| Va. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND RECOMMENDATION**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss the Complaint.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part as discussed below.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Accepting the factual allegations in the Complaint as true, Plaintiff's wife filed for divorce in Fairfax County, Virginia, on September 21, 2021. Shortly thereafter, she filed a pendente lite motion.

On December 17, 2021, the Fairfax County Circuit Court entered an Order for Pendente Lite Relief. The Order provided spousal support for Plaintiff's wife.

On April 26, 2022, Plaintiff filed this action in the United States District Court for the Western District of North Carolina pursuant to 42 U.S.C. § 1983. Plaintiff named Defendant Oblon, the Circuit Court Judge who entered the Order, as the sole Defendant.

He alleges that Oblon violated his right to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

## STANDARD OF REVIEW

**I.  Rule 12(b)(1)**

The existence of subject matter jurisdiction is a threshold issue. When an action that has been removed lacks a proper basis for subject matter jurisdiction, it must be remanded.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction].  No party can waive the defect, or consent to jurisdiction.  No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own."  Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter jurisdiction exists.  See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).  Any

doubts about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary") (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993); Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**II. Rule 12(b)(6)**

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its

face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Owen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

## DISCUSSION

**I.     Defendant's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Should Be Denied.**

Generally, domestic relations matters fall under the authority of the state courts, because "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Perez v. Cuccinelli, 949 F.3d 865, 875 (4th Cir. 2020) (quoting Ojo v. Lynch, 813 F.3d 533, 540 (4th Cir. 2016)). Consequently "[f]ederal courts will not hear divorce and custody cases even if they arise in diversity because of 'the virtually exclusive primacy ... of the States in the regulation of domestic relations.'" United States v. Windsor, 570 U.S. 744, 767 (2013) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 714 (1992) (Blackmun, J., concurring in judgment)). Therefore, domestic relations actions are excepted from federal courts and remain under the exclusive jurisdiction of the states. See Ankebrandt, 504 U.S. at 693. The Supreme Court has construed this exception narrowly and found that it only applies in cases that involve "issuance of a divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 704 (1992).

The Fourth Circuit has held that the domestic relations exception does not apply to cases arising under federal question jurisdiction. Reale v. Wake Cnty. Hum. Servs., 480 F. App'x 195, 197 (4th Cir. 2012) (quoting United States v. Johnson, 114 F.3d 476, 481 (4th Cir. 1997) ("Thus, the domestic relations exception 'is applied only as a judicially implied limitation on the diversity jurisdiction; it has no generally recognized application as a limitation on federal question jurisdiction.'").[1] In Reale v. Wake Cnty. Hum. Servs., the Fourth Circuit held that an action filed under 42 U.S.C. § 1983 against state defendants invoked federal question jurisdiction, and the domestic relations did not apply. See Id.

In Stephens v. Shah, this Court found that the domestic relations exception applied in a child custody case. Stephens v. Shah, No. 3:18CV126-RJC-DSC, 2018 WL 7317068, at *2 (W.D.N.C. July 3, 2018). There the plaintiff claimed that she could remove the case based upon diversity and federal question jurisdiction. See Id. at *1. In her complaint, she alleged that the state court awarded custody of her child to her husband without due process of law. Id. The court concluded that since a child custody dispute falls squarely under the jurisdiction of state courts, the domestic relations exception applied. Id. at *2. Consequently, this Court lacked subject matter jurisdiction. Id.

This matter originated from a spousal support order and thus falls within the narrow definition of the exception. But Plaintiff has attempted to invoke federal question jurisdiction by bringing this action under 42 U.S.C. § 1983. The exception does not apply here and the 12(b)(1) Motion should be denied.

---

[1]Other Circuits also recognize that the domestic relations exception does not apply to federal question jurisdiction. In re Holtzclaw, 634 B.R. 920, 928–29 (Bankr. D.S.C. 2021); see Deem v. DiMella-Deem, 941 F.3d 618, 623 (2d Cir. 2019); Atwood v. Fort Peck Tribal Ct. Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008); United States v. Bailey, 115 F.3d 1222, 1231 (5th Cir. 1997); Flood v. Braaten, 727 F.2d 303, 307 (3d Cir. 1984). The Seventh Circuit recently found that this exception applies to both diversity and federal question jurisdiction. See Kowalski v. Boliker, 893 F.3d 987, 995 (7th Cir. 2018).

Moreover, this case is distinguishable from Stephens v. Shah, because there, the plaintiff tried to remove the case claiming both diversity and federal question jurisdiction. Here, Plaintiff has commenced a completely new action and nowhere in his Complaint does he allege that this Court has jurisdiction based upon diversity of citizenship. To the contrary, he is alleging only federal question jurisdiction by suing under 42 U.S.C. § 1983. The domestic relations exception does not apply here, and the 12(b)(1) motion should be denied.

## II. Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim Should Be Granted.

Since at least 1872, our nation has recognized that judges have immunity from civil liability for their actions "in the exercise of their judicial functions." Bradley v. Fisher, 800 U.S. (13 Wall.) 335, 347 (1871). The Supreme Court has held that judicial immunity applies to suits under 42 U.S.C. § 1983. Stump v. Sparkman, 435 U.S. 349, 356 (1978). For judicial immunity to apply, two elements are required: first, that the action was not done "in the 'clear absence of all jurisdiction'" and second, that the action is a "'judicial act'". King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992) (quoting Stump, 435 U.S. at 357, 360–2).

For the first element, "a distinction is drawn between acts that are performed in 'excess of jurisdiction' and those performed in the 'clear absence of all jurisdiction over the subject-matter,' with the former type of action accorded immunity." Id. at 356–57 (quoting Stump, 435 U.S. at 356). In determining whether to grant immunity, the court must determine whether the judge had jurisdiction over the subject matter at the time of the challenged action. See Id. at 357. A judge's jurisdiction is interpreted broadly. See Id,

The second element turns on two factors: "whether the function is one normally performed by a judge, and whether the parties dealt with the judge in his or her judicial capacity." Id. Importantly, immunity is not diminished if the judge's "'exercise of authority is

flawed by the commission of grave procedural errors[,]'" because those mistakes do not make "the act any less judicial." Id. (quoting Stump, 435 U.S. at 359).

In Forrester v. White, the Supreme Court found that judicial immunity does not apply when a judge's actions are administrative in nature, because such decisions are not considered to be judicial acts. See Forrester v. White, 484 U.S. 219, 228 (1988). In that case, a probation officer sued a judge under 42 U.S.C. § 1983, alleging that she was demoted on account of her sex. See Id. at 221–22. Because hiring and firing of employees are regarded as administrative decisions, the judge did not have absolute immunity from liability. Id. at 229.

In Smith v. Smith, a pro se plaintiff filed a civil rights action against eleven defendants, including four circuit court judges. Smith v. Smith, No. 7:07CV00117, 2007 WL 3025097, at *1 (W.D. Va. Oct. 12, 2007). There the plaintiff was unsatisfied with the outcome of his divorce proceedings and alleged that defendants violated his First, Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights. Id. at *1–2. The district court found that because the judges had subject matter jurisdiction over the divorce proceedings and their actions were clearly judicial in nature, judicial immunity applied. See Id. at *5.

Here, Defendant qualifies for judicial immunity because his actions were not in clear absence of all jurisdiction and he was performing a judicial act. Under Virginia State Law, "the court having jurisdiction of the [divorce]" may issue a pendente lite order. Va. Code Ann. § 20–103(A). A pendente lite order is a temporary order that compels a spouse to pay maintenance to the petitioning spouse for the duration of the divorce proceedings. Id. In Virginia, the Circuit Court has jurisdiction over divorce proceedings. Va. Code Ann. § 20–96.

As a Circuit Court Judge, Defendant had jurisdiction over Plaintiff's divorce proceedings. He was not acting in absence of all jurisdiction over the matter.

He was also performing a judicial act. A pendente lite order is routinely entered by a judge presiding in domestic matters. Unlike the hiring and firing of employees that occurred in Forrester v. White, it is not an administrative decision. A court order is always an official judicial act.

Moreover, this case is virtually identical to Smith v. Smith. Like the plaintiff in Smith, Plaintiff is dissatisfied with court's order and alleges a violation of his civil rights. Judicial immunity applies here.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted in part and denied in part.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENED.**

Signed: July 15, 2022

David S. Cayer
United States Magistrate Judge